IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE


**JON D. HALL v. BILL MCLESKY, ET AL.**

**Chancery Court for Davidson County
No. 99-1281-II**

———————————

**No. M2000-01857-COA-R3-CV - Filed January 11, 2002**

———————————


**ORDER ON PETITION TO REHEAR**


Jon Hall has filed a respectful and well-written Petition to Rehear. After examining his Petition and the arguments contained therein, we conclude that Mr. Hall is not entitled to the relief he seeks, and we accordingly decline to grant him another hearing.

**I.**

Mr. Hall contends that we overlooked the impact that the disruption of telephone contact between himself and his attorney had on the Supreme Court's decision on the appeal of his conviction, *State v. Jon Hall*, 8 S.W.3d 593 (Tenn. 1999). While he acknowledges our observation that the Supreme Court discussed and rejected the factual predicate behind his argument of diminished capacity, he draws our attention to the first footnote to the Supreme Court's opinion:

"During oral argument, the defendant raised two additional issues for the first time: first, whether the trial court erred in permitting the State to use a mannequin as demonstrative evidence to document the location and extent of the victim's injuries, and second, whether the trial court erred during the guilt phase by instructing the jury, in reference to the intoxication defense, that '[i]ntoxication is irrelevant [sic] to the issue of the essential element of the Defendant's culpable mental state.' Neither the use of the mannequin nor the misstatement of the pattern jury instruction were objected to at trial. Moreover, they were not listed as errors in either the Motion for New Trial or in the appeal to the Court of Criminal Appeals. We find that the failure to raise these issues in previous proceedings constitutes waiver, and we decline to address them at this time."

Relying on this language, Mr. Hall then argues that if his attorney had timely briefed the question of the erroneous jury instruction, the Supreme Court would have been compelled to reduce his conviction from first-degree murder to second degree murder, or to order a new trial. We do not agree.

## II.

The proceedings of the Supreme Court, like those of this court, are governed by the Rules of Appellate Procedure. Rule 36(b) sets out the standards for reversal:

> (b) Effect of Error.-- A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.

Thus, even if the Supreme Court had chosen to address the jury instruction error, it still would not have been required to reverse the trial court, unless it found that the error was prejudicial to the degree set out in Rule 36(b). In other words, errors deemed to be harmless do not furnish grounds for reversal.

As we indicated above, the Supreme Court addressed the evidence behind Mr. Hall's claim of diminished capacity, and found it less than compelling.

> "Our Code provides that while voluntary intoxication is not a defense to prosecution for an offense, evidence of such intoxication may be admitted to negate a culpable mental state. The defendant's argument that his intoxication rendered him unable to form the mental state necessary for first degree murder, however, is not persuasive. The defendant's own statements to Dutton and Dr. Zager constitute the only evidence of intoxication. No witness described the defendant as drunk or intoxicated. Furthermore, the defendant's conduct in traveling to Mrs. Hall's house, disconnecting the telephone, barricading the bedroom door, and completing his escape after the killing belies the claim that he was incapable of premeditation and deliberation.

8 S.W.3d at 600.

## III.

Mr. Hall correctly notes that because of the uniqueness and finality of the death sentence, the courts have found it necessary to exercise a greater degree of scrutiny over the process that results in such a sentence than in other cases. However, our Supreme Court has not exempted death penalty appeals from the harmless error standard. *See State v. Sims*, 45 S.W.3d 1 (Tenn. 2001); *State v. Harris,* 839 S.W.2d 54 (Tenn. 1992), *cert. denied*, 507 U.S. 954 (1993).

Mr. Hall cites several cases that state that harmless error analysis is inapplicable, and reversal automatic, when the purported error infects the entire trial process and necessarily renders the trial fundamentally unfair. We note that only a very limited class of errors meets these requirements. These include a trial judge's lack of impartiality, *State v. Benson*, 973 S.W.2d 202 (Tenn. 1998); a complete denial of counsel, *Johnson v. United States*, 520 U.S. 461 (1997); denial of a public trial, *Waller v. Georgia*, 467 U.S. 39 (1984); and defective jury instructions on reasonable doubt, *Sullivan v. Louisiana*, 508 U.S. 275 (1983).

On the other hand, an erroneous jury instruction that omitted an element of the offense charged was determined not to be exempt from the harmless error rule. *State v. Garrison* 40 S.W.3d 426 (Tenn. 2000); *Neder v. United States*, 527 U.S. 1 (1999). A trial judge's erroneous instruction on self-defense in a capital murder case was likewise deemed to be harmless error. *State v. Sims*, 45 S.W.3d 1 (Tenn. 2001). This does not mean that errors in jury instructions may not furnish grounds for reversal of the trial court, but rather that reversal in such cases is only appropriate if the error is found to have affected the result.

In light of the Supreme Court's analysis of the circumstances behind Mr. Hall's murder of his wife, we do not find that a timely challenge to the erroneous jury instruction would "more probably than not" have led to a different result. We accordingly reject Mr. Hall's claim that he was prejudiced by his attorney's failure to mount such a challenge to his conviction, and we deny his Petition to Rehear.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE